IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE HAYES MCCORD <br> 6134 REEDLAND ST <br> PHILADELPHIA, PA 19142 <br> <br> V. <br> CAESARS ENTERTAINMENT, INC <br> D/B/A CAESARS ATLANTIC CITY <br> HOTEL AND CASINO <br> 2100 PACIFIC AVE <br> ATLANTIC CITY, NJ 08401 <br> and <br> CAESARS ALANTIC CITY <br> HOTEL AND CASINO <br> 2100 PACIFIC AVE <br> ATLANTIC CITY, NJ 08401 <br> and <br> ABC CLEANING COMPANY <br> 2100 PACIFIC AVE <br> ATLANTIC CITY, NJ 08401 | CIVIL ACTION <br> <br> <br> <br> <br> <br> <br> JURY TRIAL DEMANDED <br> NO. |

## COMPLAINT

1. Plaintiff, Denise Hayes McCord, is an individual and adult citizen of the State of Pennsylvania, residing as captioned.

2. Defendant, Caesars Entertainment, Inc. D/B/A Caesars Atlantic City Hotel and Casino (hereinafter "Caesars") is an organization incorporated under the laws of the State of New Jersey with offices located as captioned.

3. Defendant, ABC Cleaning and Maintenance Company (hereinafter "ABC") is an fictious entity incorporated under the laws of the State of New Jersey with offices located as captioned.

4. At all material times, defendants, Caesars, and ABC, owned, managed, possessed, controlled, maintained, repaired, cleaned and/or cared for the real property located at 2100 Pacific Ave, Atlantic City, New Jersey 08401 hereinafter referred to as the "situs",

5. At all material times hereto, defendant, ABC Company cleaned, repaired, maintained and/or had control over the electrical strip located in the main hotel lobby at Caesars.

6. At all times material hereto, the Defendants acted by and through their duly authorized agents, servants, workers and/or employees, acting on their masters' business and within the course and scope of their employment.

7. All acts alleged to have been done, or not to have been done by the Defendants, were done, or failed to be done by the Defendants, their agents, servants, workers and/or their employees acting in the course and scope of their employment with or on behalf of said Defendants.

8. This court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331 and 1349, through the principles of pendant and ancillary jurisdiction.

9. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Atlantic City, New Jersey, which is in the District of New Jersey and Vicinage of Camden County.

10. On Sunday, March 21, 2021, at approximately 3:15 pm Plaintiff, Denise Hayes McCord, entered the Caesars Atlantic City Hotel and Casino in Atlantic City New Jersey for the purpose of registering for an overnight stay with several relatives.

11. Upon entering Plaintiff tripped on a dangerous, hazardous and unsafe black rubber strip with metal on each side which was located just inside the main entrance of the hotel lobby..

12. Plaintiff fell down and could not get up without the assistance of two unknown gentlemen who witnessed the accident.

13. A hotel security guard (Mr. Hernandez) was aware of the accident as he immediately arrived with a clipboard, requested ID from Plaintiff, and asked Plaintiff to write her name on the clipboard.

14. Plaintiff was in pain due to her injuries and requested a security guard wheel her to the on-sight urgent care, Caesars Medical Facility.

15. The nurse did an intake, a CAT-scan, and an X-ray were ordered, and her knee was wrapped.

16. The Defendants knew or should have known of the existence of the aforesaid dangerous, unsafe, defective and hazardous conditions of the situs, which existed on the aforementioned date.

17. It was the duty of the named Defendants, through their agents, servants, workers, and/or employees to keep and maintain said premises in a reasonably safe condition for business invitees therein.

18. Plaintiff avers that it was the duty of the Defendants, either directly or by and through their duly authorized agents, servants, workers, and/or employees, to mark properly, maintain, inspect, mark, and repair said rubber strip with metal edges and to keep it in a reasonably safe condition for its intended use, free from all defects and/or dangerous conditions, which the Defendants knew, or should have known existed, which would present an unreasonable tripping hazard and risk of harm to business invitees using said hotel and casino, and more specifically, the Plaintiff, Denise McCord.

19. Plaintiff avers that the Defendants had actual knowledge of the existence of aforesaid dangerous and hazardous conditions on the floor and should have known of said condition in the exercise of reasonable diligence prior to the occurrence of this accident.

20. Plaintiff avers that it was the duty of the Defendants to exercise reasonable care to protect the Plaintiff from injuries either by personally inspecting, maintaining, cleaning, repairing, and securing said rubber strip in/on the floor at the hotel and casino, and/or by other affirmative acts such as warning the Plaintiff of the existence of the aforesaid dangerous

and hazardous condition of said floor and/or rubber strip, repairing, and/or correcting said condition.

21. The Defendants had a duty to promptly warn, repair and/or correct any hazardous and dangerous condition, including putting up "warning" signs, placing floor mats, and/or repairing or removing the faulty rubber strip under their custody and/or control.

22. The Defendants had actual and/or constructive notice of the existence of said hazardous and/or dangerous condition prior to the happening of the accident, as upon information and belief there have been multiple prior similar accidents at this location.

23. The Defendants had a reasonable opportunity to correct the hazardous and dangerous condition prior to the happening of the accident.

24. Notwithstanding the above, on the aforesaid date, the Defendants did carelessly and negligently, with a conscious flagrant indifference to the rights and safety of the business invitees, allow the floor, and/or rubber strip to remain in a dangerous, hazardous, and unsafe condition.

25. The negligence of the Defendants and their agents, servants, workers and/or employees as aforesaid consisted of:

    a. Creating and/or allowing a dangerous and unsafe condition of the floor, and/or rubber strip;

    b. Failing to adequately warn plaintiff of the dangerous and unsafe condition of said floor, and/or rubber strip;

    c. Failing to inspect and properly repair the hazard on the floor and/or rubber strip or warn patrons of said tripping hazard;

    d. Failing to correct a dangerous and unsafe condition of which Defendants knew or should have known;

    e. Failing to provide and ensure for the proper maintenance and/or repair of the floor and/or rubber strip;

f.  Failing to have proper procedures to discover and correct defective conditions related to the floor and/or rubber strip;

g.  Failing to protect the plaintiff from said dangerous and unsafe condition of the floor;

h.  Failing to place and utilize proper warning, signs, markings, etc. near the rubber strip and about the hotel and casino;

i.  Failing to provide a safe floor area for Plaintiff, who was a business invitee;

j.  Failing to provide and maintain safe hotel and caisson floor for it's patrons;

k.  Failing to maintain said area properly in a condition which would protect and safeguard the public, and specifically the plaintiff, a business invitee using said area, and preventing her from falling on said dangerous and defective condition at the hotel and casino;

l.  Failing to utilize reasonable care in the inspection, maintenance, repair cleaning and putting warnings of said floor area;

m.  Failing to warn adequately the Plaintiff of the aforesaid dangerous, hazardous, and defective conditions which the Defendants knew, should have known existed;

n.  Permitting the said dangerous conditions to exist and remain, so as to constitute a menace, nuisance, snare trap or danger for persons, such as the Plaintiff, who was a business invitee using said hotel and casino;

o.  Failing to request and supervise periodic inspections of said areas by their agents;

p.  Permitting the Plaintiff, an invitee, to use the hotel and casino which the Defendants knew, or should have or could have known was dangerous or unsafe;

q.  Failing to maintain properly the hotel and casino and to provide a safe and proper situs so it would not constitute a menace, nuisance, snare trap, or danger for persons, such as the Plaintiff, who was lawfully using said area;

r.  Failing to have said areas properly inspected, maintained, repaired, cleaned and putting warning at reasonable intervals in order to make the condition safe;

s.  Failing to request and supervise periodic inspections, cleaning and putting warning signs in said area by their agents;

t.  Failing to clean, repair, and correct the defective and dangerous conditions of said situs, thereby creating a reasonable foreseeable risk of harm to persons lawfully walking in said area;

   u. Failing to place proper warnings and to warn the public, and specifically the Plaintiff, of the defective and dangerous condition of said area;

   v. Failing to inspect personally said situs and supervise periodic inspections of said areas by their agents;

   w. Failing to warn properly and make safe the dangerous, defective conditions which the Defendants knew, should have or could have known existed for a significant period of time prior to the time of the subject incident;

   x. Failing to have a procedure in effect to clean properly and repair, maintain the situs so as to keep it from being a danger to invitees;

   y. Failing to consult with experts relative to proper repair, maintenance and cleaning of said area and placement of warning signs; and

   z. Such other actions and/or omissions by the Defendants constituting negligence, which may be ascertained during the course of discovery or at the trial of this case.

## COUNT I – NEGLIGENCE
## DEBBIE HAYES MCCORD V. CAESARS AND ABC

26. The proceeding paragraphs are hereby incorporated by reference as though each were fully set forth at length herein.

27. Plaintiff, Debbie Hayes McCord, fell as a result of a dangerous condition on said premises, which was due to the carelessness, negligence and/or conscious, flagrant indifference to the rights and safety of business invitees, either individually, or by and through their agents, workmen, independent contractors and/or employees.

28. The hazardous and dangerous condition in question consisted of a faulty rubber strip in the entrance area which created an unreasonably dangerous hazard to business invitees such as the plaintiff.

29. As a direct result of the above, Plaintiff, Debbie Hayes McCord, sustained permanent injuries including but not limited to:

   a. **Nondisplaced incomplete fracture with associated marrow edema of the greater tuberosity of right humerus;**

     b. Mild supraspinatus tendinosis without high-grade partial or full-thickness rotator cuff tear;
     c. Right shoulder strain, possible underlying rotator cuff tear;
     d. Mild acromioclavicular joint osteoarthritis with a small subacromial spur;
     e. Mild subacromial/subdeltoid bursitis;
     f. Right shoulder pain; and
     g. Mild to moderate osteoarthrosis in the medial and lateral tibiofemoral compartments.

30. As a further result of the above, Plaintiff has suffered agonizing aches and physical pains, disability, humiliation and anguish, and will continue to suffer for an indefinite time in the future, to her great detriment and loss.

31. As a further result of the above, Plaintiff has incurred various expenses for medical treatment, including but not limited to, durable medical equipment, home care, and home modifications, and may be obliged to continue to incur additional expenditures for an indefinite time in the future, to her great detriment and loss, which expenses to date include, but are not limited to:

| | |
|---|---|
| **AtlantiCare Regional Medical Center** <br> **Emergency Room Department** <br> 3/21/21 | $1,456.00 |
| **Jefferson Internal Medicine** <br> Dr. Susan Truong | $125.00 |
| **Hand 2 Shoulder** <br> 3/26/21-4/19/22 | $2,697.00 <br> $680.00 |
| **Methodist Hospital** <br> **MRI of Right Shoulder** | $3,943.00 |
| **Nova Care** | $1,285.00 |
| **Physician** | $431.00 |
| + | |
| **TOTAL** | **$10,617.00** |

32. As a further direct and proximate result of above, Plaintiff has been and/or will be obliged to incur other financial expenses and losses.

33. As a result of the aforesaid, the Plaintiff has been unable to attend to her usual daily activities, and she will be unable to attend same for an indefinite time period in the future, to her great detriment and loss.

34. As a result of the aforesaid, Plaintiff has been, and in the future may be, required to expend various sums of money for medical services, x-rays, medication, surgery and hospitalization in an endeavor to treat and cure herself of her said injuries,

35. As a direct result of the subject incident, Plaintiff may hereafter incur other recoverable financial expenses or losses exceeding those stated in the foregoing paragraphs.

36.

**WHEREFORE**, the plaintiff, Denise Hayes McCord, demands judgment against the defendants, Caesars and ABC Company, jointly and/or severally, in an amount in excess of $75,000 (seventy-five thousand), along with interest, costs, attorney's fees and other appropriate relief.

ABRAMSON & DENENBERG, P.C.

BY: _____
ALAN E. DENENBERG, ESQ.
ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, SUITE 500
PHILADELPHIA, PA  19107
(215) 546-1345

ABRAMSON & DENENBERG, P.C.

BY: _____
THOMAS BRUNO, II, ESQUIRE
ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 26180